UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVER FRENCH, JR.,

        Petitioner,

v.                                    CASE NO. 07-11075
                                    HONORABLE ARTHUR J. TARNOW

HUGH WOLFENBARGER,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO AMEND AND DENYING PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING

Petitioner Oliver French, Jr., has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for first-degree murder, second-degree murder, two counts of assault with intent to commit murder, and felony firearm. Currently pending before the Court are Petitioner's motion to amend the habeas petition and his motion for an evidentiary hearing.

### I. The Motion to Amend

A party may amend his pleading "once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15 (a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Respondent has already filed an answer to the habeas petition, and he has not consented in writing to Petitioner's request to file an amended pleading. Therefore, Petitioner may amend his habeas petition only with the Court's permission. *See id.* Leave to amend should be freely

given when justice so requires.  *Id.*

An additional question in habeas cases is whether the amended pleading relates back in time to the date of the original pleading so as to avoid the one-year statute of limitations set forth in 28 U.S.C § 2244(d).  *Mayle v. Felix*, 545 U.S. 644, 649 (2005).  "An amended habeas petition . . . does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Id.* at 650.  Petitioner seeks to supplement his original habeas claims, as opposed to raising new grounds for relief.  Therefore, the amended pleading relates back to the date of the original pleading and is timely.  Petitioner's motion to amend [Doc. 12, Mar. 24, 2008] is GRANTED, and the proposed amended petition, which is attached to the motion to amend, is accepted.  If Respondent wishes to file an answer to the amended petition, he shall do so within thirty days of the date of this order.

## II.  The Motion for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing on his claims about the composition of the jury venire, the admission of evidence regarding uncharged crimes, and trial counsel's representation. A federal district court generally is prohibited from granting an evidentiary hearing if the habeas petitioner failed to develop the factual basis for his or her claims in state courts.  28 U.S.C. § 2254(e)(2).  "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court."  *Schriro v. Landrigan*, __ U.S. __, __, 127 S. Ct. 1933, 1937 (2007).  "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the

2

petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts

did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir.

2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

Although relevant facts may be in dispute and the state court refused to hold an

evidentiary hearing, the Court is unable to determine at this time whether Petitioner has stated

sufficient grounds for release.  Accordingly, Petitioner Motion for an Evidentiary Hearing [Doc.

11, Mar. 24, 2008] is DENIED without prejudice.  The Court will reconsider its ruling, if

necessary, after it reviews the state court record.  It is *not* necessary for Petitioner to renew his

motion or to file another motion for an evidentiary hearing.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  April 8, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record
on April 8, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary